UNITED STATES BANKRUPTCY COURT
FOR THE DISTRIC OF MAINE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Edward F. Walsh | ) | Case No. 13-20226--- JBH |
| | ) | Chapter 11 |
| Debtor | ) | |

## DEBTOR'S AMENDED PLAN OF REORGANIZATION

### ARTICLE I
### SUMMARY

On March 21, 2013, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Since that time the Debtor has continued to operate its business as a Debtor-in-possession pursuant to Section 1107 of the Bankruptcy Code.

This Plan of Reorganization (the "Plan") under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code") proposes to pay creditors of Edward F. Walsh (the "Debtor") from current and future income.

Thirty (30) days after the Effective Date of the Plan, the Debtor will make monthly distributions toward other obligations of the plan, including priority taxes and unsecured creditors. These distributions will be calculated on the basis of the "Proposed Budget for Chapter 11 Plan" as provided in Debtor's Disclosure Statement that accompanies this Plan:

Upon the Initial Monthly Distribution and each subsequent Monthly Distribution, Debtor's counsel shall transmit a disbursement report to the U.S. Trustee's Office in addition to

1

any other reports currently required.

All creditors and equity security holders should refer to Articles III through VII of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. The Debtor believes that the Plan provides for fair and equitable treatment of all claims and that the Plan is in the best interests of all creditors, and parties in interest.

**NOTICE: CREDITORS RIGHTS MAY BE AFFECTED. CREDITORS SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH AN ATTORNEY.**

## ARTICLE II
## DEFINITIONS

Definitions and Rules of Construction The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions. Unless the context otherwise requires, the following terms shall have the following meanings when used in initially capitalized form in this Plan. Such meanings shall be equally applicable to both the singular and plural forms of such terms. Any term used in initially capitalized form in the Plan that is not defined herein but that is defined in the Bankruptcy Code shall have the meaning ascribed to such term in the Bankruptcy Code.

2.1   Administrative Claim shall mean a claim allowable under Section 503 (b) of the Bankruptcy Code with respect to the Debtor, including charges against the Debtor's estates under 28 U.S.C. § 1930 and Fee Claims.

2.2 <u>Allowed</u> with respect to a Claim or Interest, shall mean any Claim or Interest (a) that is the subject of a timely filed proof of claim; or (b) any Claim or Interest that has been listed in the schedules filed with the Bankruptcy Court by the Debtor pursuant to Bankruptcy Code Section 521 and is not listed therein as disputed, unliquidated or contingent, and, in each such case as to which either (i) no objection to the allowance thereof or other similar pleading has been filed within the applicable time period set forth in Article IX of the Plan, or (ii) an objection or other similar pleading has been filed and the Claim or Interest has been allowed by a Final Order but only to the extent so allowed; or (c) with respect to a Fee Claim incurred prior to the Confirmation Date, a claim that has been allowed by a Final Order of the Bankruptcy Court.

2.3 <u>Allowed Amount</u> shall mean the amount of any Allowed Claim or Allowed Interest.

2.4 <u>Bankruptcy Code</u> shall mean 11 U.S.C. § 101 *et seq.,* as in effect with respect to the Cases on the date of filing of this Plan. All Code references herein are to the Bankruptcy Code, unless otherwise stated.

2.5 <u>Bankruptcy Court</u> shall mean the United States Bankruptcy Court for the District of Maine, or any other court with jurisdiction over the Cases.

2.6 <u>Bar Date</u> shall mean, as to Claims held by persons or entities other than Governmental Units, August 14, 2013, and as to Claims held by Governmental Units, October 14, 2013.

2.7 <u>Case</u> shall mean the Chapter 11 case entitled Edward F. Walsh, Case No. 13-20226-JBH which is pending in the Bankruptcy Court.

2.8  Cash shall mean payment, including by check, issued by or on behalf of the Debtor with respect to any payment required to be paid pursuant to the Plan.

2.9  Claim shall mean a claim, as defined in Bankruptcy Code Section 101(5), against the Debtor.

2.10  Confirmation Date shall mean the date on which the Confirmation Order is entered on the docket of the Bankruptcy Court.

2.11  Confirmation Order shall mean the Order (which need not be a Final Order) confirming the Plan pursuant to Bankruptcy Code Section 1129.

2.12  Effective Date shall mean the date determined in accordance with Article IX of the Plan.

2.13  Encumbrances shall mean all liens, encumbrances, mortgages, hypothecations, pledges, and security interests of any kind whatsoever.

2.14  Executory Contract shall mean an executory contract within the meaning of 11 U.S.C. § 365.

2.15  Fee Claim shall mean the Administrative Claim of a professional person for compensation and/or reimbursement of expenses, and shall include Counsel Fees (as defined in Section I above).

2.16  Final Order shall mean an order or judgment of any court, administrative agency or other tribunal as entered on its docket as to which (a) the time to appeal or petition for rehearing or certiorari has expired and as to which no appeal or motion for rehearing or

petition for certiorari has been timely filed or taken, (b) if Such an appeal or motion for rehearing or petition for certiorari has been timely filed Or taken, such order or judgment has been affirmed by the highest tribunal in which review was sought or such appeal, motion for rehearing or petition for certiorari was dismissed or otherwise terminated without modification of such order or judgment, and the time has expired within which any further proceeding for review may be commenced.

2.17    Order shall mean an order of the Bankruptcy Court.

2.18    Petition Date shall mean March 21, 2013

2.19    Plan shall mean this Plan of Reorganization, as it may be amended or modified by the Debtor from time to time, together with all exhibits, schedules and other attachments hereto, as the same may be amended or modified by the Debtor from time to time, all of which are incorporated herein by reference.

2.20    Priority Claim shall mean an Unsecured Claim arising before the Petition Date and entitled to priority Under Section 507(a)(2) through 507(a)(9) of the Bankruptcy Code.

2.21    Post-petition Bar Date shall mean the date that is sixty (60) days following the Confirmation Date.

2.22    Secured Claim shall mean a claim that is secured by a perfected (or similarly binding) Encumbrance on the assets of the Debtor, to the extent provided in 11 U.S.C. § 506.

2.23    Unexpired Lease shall mean a lease that has not expired or terminated within the meaning 11 U.S.C. § 365.

2.24    <u>Unsecured Claim</u> shall mean a Claim which arose before the Petition Date and which is not secured by any interest in any asset in the Debtor's estate, and shall include a Claim which arises from the rejection of an Executory Contract or Unexpired Lease, within the meaning of Section 365 of the Bankruptcy Code.

### ARTICLE III

### CLASSIFICATION OF CLAIMS AND INTERESTS

*Class 1 -  The claim of Select Portfolio Servicing Secured by Real Estate located at 90 Atlantic St., Portland, ME*

*Class 2  - The claim of  Ocwen  Secured by Real Estate located at 94 Atlantic St.,Unit 1 Portland, ME*

*Class 3  - The claim of  IndyMac Mortgage Services  Secured by Real Estate located at 94 Atlantic St., Unit 3, Portland, ME*

*Class 4 -   The claim of TruChoice Federal CU  Secured by Real Estate located at 90 Atlantic St., Portland, ME*

*Class 5 -   The claim of Bank of America Secured by Real Estate located at 147 Deepwood Dr., Portland, ME*

*Class 6 – The claims of the Municipalities for unpaid real estate taxes, sewer and water*

*Class 7 – The Class of creditors holding unsecured claims, including the undersecured portions of secured claims subject to valuation.*

*Class 8 The interests of equity security holders*

# ARTICLE IV
# TREATMENT OF ADMINISTATIVE EXPENSE CLAIMS, U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

<u>Unclassified Claims.</u> Under Code section 1123(a)(1), administrative expense claims and priority tax claims are not in classes.

<u>Administrative Expense Claims.</u> Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan (as defined in Article VII), in cash or upon such other terms as may be agreed by the holder of the claim and the Debtor. Counsel to the Debtor shall be paid Counsel Fees as an administrative expense claim from Monthly Distributions, subject to Court order(s) approving such fees, as specified in Article I above.

<u>Priority Claims.</u> Except as otherwise agreed by the Debtor and the holder of an Allowed Priority Claim, the holder of an Allowed Priority Claim, except for a claim entitled to priority pursuant to 11 U.S.C. § 507(a)(8), shall be paid in full upon the later of the effective Date and the date which is fifteen (15) days after the date upon which such priority Claim becomes an Allowed Priority Claim.

<u>Priority Tax Claims.</u> Each holder of a Priority Tax Claim will be paid in full in monthly installments beginning ninety (90) days following the confirmation of the Plan Date.

<u>United States Trustee Fees.</u> All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

## ARTICLE V
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

*Class 1 -  The claim of Select Portfolio Servicing Secured by Real Estate located at 90 Atlantic St., Portland, ME*

The claim shall be allowed in the amount of $350,712.97.   The Allowed Amount shall be amortized over 30 years at 4.5% interest per annum payable monthly commencing on the effective date of the plan.  The resulting payment is $1,777.01 per month.  Debtor shall also pay a monthly escrow for taxes and insurance based upon 1/12 of the prior year's property tax and insurance bills for the property..  Claimant shall retain its mortgage lien against the real estate until its allowed claim is satisfied.

*Class 2  - The claim of  Ocwen  Secured by Real Estate located at 94 Atlantic St.,Unit 1 Portland, ME*

The claim shall be allowed in the amount of its appraised value of $162,500.00.  The Allowed Amount shall be amortized over 30 years at 4.5% interest per annum payable monthly commencing on the effective date of the plan.  The resulting payment is $823.36 per month. Debtor shall also pay a monthly escrow for taxes and insurance based upon 1/12 of the prior year's property tax and insurance bills for the property Claimant shall retain its mortgage lien against the real estate until its allowed claim is satisfied.

*Class 3  - The claim of  IndyMac Mortgage Services  Secured by Real Estate located at 94 Atlantic St., Unit 3, Portland, ME*

The claim shall be allowed in the amount of its appraised value of $182,000.00.  The Allowed Amount shall be amortized over 30 years at 4.5% interest per annum payable monthly commencing on the effective date of the plan.  The resulting payment is $922.17 per month. Debtor shall also pay a monthly escrow for taxes and insurance based upon 1/12 of the prior year's property tax and insurance bills for the property Claimant shall retain its mortgage lien against the real estate until its allowed claim is satisfied.

*Class 4 -   The claim of TruChoice Federal CU  Secured by Real Estate located at 90 Atlantic St., Portland, ME*

The claim shall be allowed in the amount of $52,946.37. The Allowed Amount shall be amortized over 30 years at 4.5% interest per annum payable monthly commencing on the effective date of the plan.  The resulting payment is $268.27 per month.  Debtor shall also pay a monthly escrow for taxes and insurance based upon 1/12 of the prior year's property tax and insurance bills for the property Claimant shall retain its mortgage lien against the real estate until its allowed claim is satisfied.

*Class 5 -   The claim of Bank of America Secured by Real Estate located at 147 Deepwood Dr., Portland, ME*

The claim shall be allowed in the amount of $335,649.69.  The Allowed Amount shall be amortized over 30 years at 4.5% interest per annum payable monthly commencing on the effective date of the plan.  The resulting payment is $1,700.69 per month.  Debtor shall also pay a monthly escrow for taxes and insurance based upon 1/12 of the prior year's property tax and insurance bills for the property Claimant shall retain its mortgage lien against the real estate until its allowed claim is satisfied.

*Class 6 – The claims of the Municipalities for unpaid real estate taxes, sewer and water*

The claims of municipalities for unpaid prepetition real estate taxes, sewer and water are estimated to be $6,477.01.  These claims shall be paid pro rata over sixty (60) months at 4.5% interest per annum payable monthly commencing on the effective date of the plan.  The resulting payment is $120.75 per month, which shall be divided pro rata among the claimants. Claimants shall retain their statutory liens against the real estate until its allowed claim is satisfied

*Cllass 7 – The Class of creditors holding unsecured claims, including the undersecured portions of secured claims subject to valuation.*

All unsecured claims allowed under § 502 of the Code. Class 3 shall consist of all Allowed Unsecured Claims, but this Class shall not include (a) Claims included in another class; or (b) unclassified claims whose treatment is specified in Article IV of the Plan. To date, based on the Debtor's Schedule F, and the undersecured portion of secured claims, the unsecured claims are estimated to total $316,493.04.  Notwithstanding the uncertainty of the total amount of Unsecured Claims in this case, the total to be paid to the class is $29,100.00. Commencing on the Effective Date of the Plan, and for 60 months thereafter claimants within this class will be paid $485.00 per month on a pro rata basis.

*Class 8 The interests of equity security holders*

The Debtor is an individual and therefore there are no equity interest holders.  The Plan contemplates that the Debtor will retain ownership of his assets upon confirmation of the Plan.

## ARTICLE VI
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

6.0     Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed, and

as to which either: (a) a proof of claim has been filed or deemed filed, and the Debtor or

9

another party in interest has filed an objection; or (b) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

6.1     Delay in Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is an Allowed Claim.

6.2     Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

6.3     Claims Subject to Allowance. Notwithstanding any other provision of the Plan, no distribution shall be made on account of any Claim until such Claim is allowed.

6.4     Prepetition Claim and Amendments. Each Claim as to which a proof of claim was required to be filed, on or before the Bar Date and as to which a proof of claim was not filed on or before the Bar Date shall not under any circumstances become an Allowed Claim.

6.5     Objections to Prepetition Claims and Interests. Claims and Interests that arose prior to the Petition Date, and which have not been scheduled by the Debtor as contingent, unliquidated or disputed, or as to which a valid proof of claim or interest has been filed on or before the Bar Date, shall be allowed in full, unless an objection to such Claim or Interest is filed on or before ninety (90) days after the Confirmation Date or such other date as is provided by Order of the Bankruptcy Court upon motion of the Debtor. Claims that have been objected to and not allowed shall have no right to vote with respect to the acceptance or rejection of this Plan, except as otherwise ordered by the Court.

6.6     Bar Date and Objections With Respect to Post-Petition Claims. Any Claim entitled to priority under Bankruptcy Code Section 507(a)(1) arising before the Confirmation Date

and still outstanding 60 days thereafter shall be forever barred unless it is the subject of a proof of claim (or, in the case of a Fee Claim, an application compensation) filed with the Bankruptcy Court on or before the Post-petition Bar Date. Any Claim that is the subject of such a proof of claim (or application for compensation) shall be Allowed in full unless an objection thereto is filed within 30 days after the Post-petition Bar Date or such other date as is provided by Order Upon motion of the Debtor, except that Fee Claims shall be Allowed only by Order of the Bankruptcy Court.

## ARTICLE VII
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

7.1   Assumed Executory Contracts and Unexpired Leases

(a)   The Debtor will assume all leases. of non-residential real property in existence on the date of the order confirming the Plan. All other leases are hereby rejected. Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Code, if any.

**CONSULT AN ADVISER OR ATTORNEY FOR MORE SPECIFIC INFORMATION ABOUT PARTICULAR CONTRACTS OR LEASES.**

(b)   The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 7.1(a) above, or before the date of the order confirming this Plan, Upon the Confirmation Date, A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the Confirmation Date.

## ARTICLE VIII
## MEANS FOR EXECUTION OF THE PLAN; MERGER

8.1  The funds necessary for the Debtor to execute and implement the Plan will come from the following sources: (a) rental income before and after the Confirmation Date; (b) proceeds of causes of action and claims which the Debtor may elect to bring for recovery pursuant to state law and/or Sections 506, 544, 547, 548, 549, and 550 of the Bankruptcy Code (but the Debtor are not hereby undertaking any duty or obligation to any party to bring any such action or claim, and no such action or claim is being hereby waived or released by the Debtor); (c) any other funds generated or received by the Debtor and not allocated or paid pursuant to this Plan that may become available and (d) any funds that become available to the Debtor during the course of the Plan in addition to those noted above.

8.2  On the Effective Date, all assets of the Debtor, including, without limitation, all property of the Debtor's estate, and any tangible or intangible property, shall vest in Debtor, free and clear of all Liens and/or Claims of creditors pursuant to 11 U.S.C. § 1141(b) except as set forth in this Plan.

## ARTICLE IX
## GENERAL PROVISIONS

9.1  Effective Date of Plan. The effective date of this Plan is the fifteenth business day following the entry of the order of Confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

9.2  Severability. If any provision in this Plan is determined to be unenforceable, the

determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

9.3 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

9.4 Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Maine govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

9.5 Legally Binding Effect. The provisions of the Plan shall bind all holders of Claims and Interests, whether or not they accept the Plan.

9.6 Delivery of Distributions. Distributions and deliveries to holders of Allowed Claims will be made at the addresses reflected in the proofs of claim filed by the holders of Allowed Claims or, if no proof of claim was filed, at the addresses set forth in the Debtor's Schedules, or at the addresses set forth in any written notices of address changes delivered to the Debtor after the date of any related proof of claim. If any Distribution is returned as undeliverable, no further distributions to the holder will be made unless and until the Debtor is notified of the holder's then current address, at which time all missed distributions will be made to the holder without interest. All claims for undeliverable distributions must be made to the Debtor on or before the twelve (12) month anniversary of the Effective Date. After that date, all unclaimed property will be retained by the Debtor, and the Claim of any holder with respect to such property will be discharged and forever barred.

9.7 Means of Cash Payment. Cash payments made pursuant to the Plan will be in United States funds, by the means agreed to by the Debtor and the respective holders of

Allowed Claims, including by check or wire transfer or, in the absence of an agreement, such commercially reasonable manner as the Debtor shall reasonably determine.

9.8 <u>Time Bar to Cash Payments.</u> Checks issued by the Debtor in respect of Allowed Claims will be null and void if not cashed within one hundred twenty (120) days of the date of their issuance. Any claim in respect of such a voided check must be made on or before six (6) months after the date of issuance of the check. After that date, all claims in respect of void checks will be discharged and forever barred and the cash, including interest earned thereon, if any, shall be retained by the Debtor.

9.9 <u>De Minimis Distributions.</u> No cash payment of less than Ten Dollars ($10.00) will be made by the Debtor to any creditor unless a request is made in writing to the Debtor to make such a payment.

9.10 <u>Debtor's Causes of Action.</u> On the Confirmation Date, causes of action of Debtor's estate shall belong to the Debtor free and clear of all liens and encumbrances. Confirmation of the Plan and occurrence of the Effective Date thereunder shall not serve to waive, release Or preclude on res judicata or any other ground any claim or cause of action of the Debtor.

9.11 <u>Modification of Confirmed Plan.</u> After the Confirmation Date, the Debtor may modify the Plan under Section 1127 of the Bankruptcy Code and may remedy any defect or omission or reconcile any inconsistency in the Plan or in the Confirmation Order in such manner as may be necessary or appropriate to carry out the purposes and intent of the adversely affected thereby.

9.12 <u>Substantial Consummation.</u> For purposes of Section 1101(2), the Plan shall be deemed to have been substantially consummated when all of the following conditions have been satisfied: (a) the Effective Date has occurred, (b) all payments and conveyances required

14

to be made on or prior to the Effective Date with respect to Claims then or theretofore Allowed have been made, (c) all documents required to be executed and delivered on or prior to the Effective Date with respect to Claims then or theretofore allowed have been executed and delivered, and (d) all the requirements of 11 U.S .C. §. 1101(2) have been satisfied.

9.13    Closing of Case. The Debtor shall file with the Bankruptcy Court a final accounting in accordance with D. Me. LBR 3022-1, accompanied by a proposed final decree making provisions by way of injunction and closing the case.

9.14    Dates. Whenever the Plan requires the Debtor or any other entity to make a distribution or take some other action on a particular date, such action shall be taken on the required date unless parties-in-interest agree otherwise.

9.15    Property of the Debtor. Upon entry of the Confirmation Order, all property of the Debtor's estate shall vest in the Debtor, free and clear of all liens, claims and encumbrances, except to the extent otherwise provided in the Plan.

9.16    Retained Jurisdiction. To the maximum extent permitted by applicable law, the Bankruptcy Court shall retain jurisdiction over the Case after the Confirmation Date for the following purposes:

(a)    to hear and determine objections to claims;

(b)    to hear and determine any disputes arising under the plan, its implementation and execution of any necessary documents thereunder, and any requests to amend, modify, or correct the plan, provided that such matters are brought before the Court prior to the point of substantial consummation as that term is defined by § 1101(2) of the Bankruptcy Code and by the plan itself, and subject, further, to the restrictions set forth in § 1127(b) of the Bankruptcy Code;

    (c)    to grant extensions of any deadlines set forth in the confirming order as may be appropriate;

    (d)    to enforce all discharge provisions under the plan; and

    (e)    to review and rule upon applications for compensation of professional persons. If at the time of the confirmation hearing the plan proponent expects that a broader retention of jurisdiction will be sought, but is not in a position to request a specific enlargement, the Court may conditionally reserve the question of additional retained jurisdiction in the confirming order and shall set a time within which the plan proponent shall file a motion on notice requesting retention of such additional jurisdiction as necessary, to be embodied in a supplementary order.

## ARTICLE X
## INJUNCTION, STAY AND DISCHARGE

10.1    <u>Injunction and Stay.</u> The entry of the Confirmation Order shall constitute an injunction applicable to all persons, staying and enjoining the enforcement or attempted enforcement by any means of all liens, Claims and debts to be discharged pursuant to section 10.02 below. The Injunction and Stay provided for herein shall survive the closing of the case, and shall be deemed incorporated in the final decree closing the case.

10.2    <u>Discharge.</u> Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure. Upon issuance of the Discharge, except as expressly provided in the Plan, the Debtor shall, as of the date of such Discharge, have the full benefit of the discharge provided by Section 1141(d) of the Bankruptcy Code. Without limiting the generality of the foregoing, and except as provided in the Plan, the Debtor shall be permanently released and discharged from all

16

liens, Claims, Encumbrances, and debts that arose before the confirmation Date whether or not any such lien, Claim, Encumbrance, or debt has been scheduled by the Debtor, a proof of claim has been filed or deemed filed, any such Claim is Allowed, or the holder of any such Claim has accepted the Plan.

Respectfully submitted this 17th October 2013 by the Plan Proponent, Debtor Edward F. Walsh:

**/s/ Edward F. Walsh**
Edward F. Walsh

and by Jeffrey P. White, Debtor's Counsel:

**/s/ Jeffrey P. White**
Jeffrey P. White. Maine Bar No. 3804
Counsel for the Debtor
Jeffrey .P. White
243 Mt. Auburn Ave., S. B-1
Auburn, ME 04210
(207) 689-2111
jwhite@whitelawoffices.com